IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

ENTERED
12/06/2012

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| BRIAN T. HANNON, | ) | CASE NO. 12-80107-G3-7 |
| | ) | |
| Debtor, | ) | |
| | ) | |

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion for Relief from the Stay Regarding Exempt Property and Request for Variance" (Docket No. 37) filed by Suntrust Mortgage, Inc. The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered conditioning the automatic stay. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Brian T. Hannon ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on March 2, 2012. On Debtor's motion, the case was converted to Chapter 7 by order entered on March 27, 2012. Janet S. Casciato-Northrup is the Chapter 7 Trustee.

In the instant motion, Suntrust Mortgage, Inc. ("Suntrust") seeks relief from stay to exercise its rights under

applicable law with respect to Debtor's homestead, property located at 16610 Bermuda Way, Galveston, Texas.  In the instant motion, Suntrust asserts that Debtor has failed to make payments with respect to the property.

At the hearing on the instant motion, Debtor testified that he purchased the property during 2007.  He testified that he made payments through 2008.  He testified that he was unable to work for six months, and had additional expenses, due to Hurricane Ike.[1]  He testified that he was unable to occupy his home for approximately one year, and was required to rent an apartment that was not on Galveston Island.

Debtor testified that he negotiated a forbearance agreement with Suntrust.  Susannah Kelly, Suntrust's custodian of records, testified that Suntrust does not have any record of a final agreement.  She testified that she was aware discussions had taken place.  The court makes no finding as to whether an agreement was reached.

Debtor testified that he made additional payments for one year, in order to cure his arrearage on the mortgage.

Suntrust's payment history shows that the regular monthly mortgage payment was $856.44.  The payment history shows that Debtor made several payments in the amount of $1,246.53.

---

[1] The court takes judicial notice that Hurricane Ike made landfall in Galveston, Texas during September, 2008.

2

The payment history reflects that the last $1,246.53 payment was received on January 10, 2011.  (Suntrust Exhibit 3).

Debtor testified that he resumed making payments in the amount of $856.44, and made such payments through April, 2011. He testified that his May, 2011 payment was returned to him.

Kelly testified that Debtor's payments were applied to past-due amounts, late fees, and escrow charges, such that Debtor's loan is now due for the December, 2010 payment and all subsequent payments.

Debtor testified that he has submitted an insurance claim for damage to his home caused by Hurricane Ike.  He testified that he has submitted information regarding the insurance claim to the Chapter 7 Trustee.

Debtor testified that he has a dispute with Suntrust regarding insurance purchased by Suntrust.  Debtor presented documents reflecting that Suntrust purchased windstorm insurance and flood insurance during times when Debtor had purchased windstorm insurance and flood insurance.  (Debtor's Exhibits 3, 4, 5, 6).  Debtor also testified that he believes he has homeowner's insurance, windstorm insurance, and flood insurance in place on the property.  Debtor did not support his testimony regarding the current insurance policies with documents reflecting that such policies are in place.

Kelly testified that Suntrust has made escrow advances in the amounts of $3,365.23 and $3,351.35, respectively, for 2010 and 2011 ad valorem property taxes on the property.

Debtor's schedules indicate that Debtor values the property at $148,000.  (Suntrust Exhibit 4).  Kelly testified that the amount of the debt secured by the property is $161,704.14, consisting of principal in the amount of $132,846.48, interest in the amount of $14,931.62, and escrow in the amount of $12,544.71.[2]

### Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>>
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if-
>>
>>> (A) the debtor does not have an equity in such property; and

---

[2] The court notes that the sum of the amounts to which Kelly testified for principal, interest, and escrow is $160,322.81.  Kelly's testimony did not address the discrepancy between the sum of the underlying amounts owed and the total amount owed.  However, both numbers are in excess of $148,000.  The court makes no finding as to the total amount owed.

> (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

> Section 362(g) of the Bankruptcy Code provides:
>
> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
>> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>>
>> (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

In the instant case, Debtor does not have an equity in the property. Without regard to the dispute regarding lender-placed insurance, the sum of the principal, interest, and taxes advanced by Suntrust exceed the uncontroverted value of the property. The instant case is a Chapter 7 case. No reorganization is contemplated. Thus, the property is not necessary to an effective reorganization. The court concludes that the stay should be conditioned on Debtor's providing adequate protection to Suntrust.

Based on the foregoing, a separate Judgment will be entered conditioning the automatic stay.

Signed at Houston, Texas on December 6, 2012.

_Letitia Z. Paul_
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE